**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIRANDA ADAMS,

    Defendant - Appellant.

No. 19-2146
(D.C. No. 1:17-CR-01712-SWS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **EID**, Circuit Judges.
_____

Pursuant to a plea agreement, Miranda Adams pleaded guilty to 20 counts of

bank fraud, in violation of 18 U.S.C. § 1344.  She was sentenced to 57 months'

imprisonment.  Although the plea agreement contained a waiver of her appellate

rights, Ms. Adams filed a notice of appeal.  The government has moved to enforce

the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d

1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the

scope of the waiver of appellate rights; (2) whether the defendant knowingly and

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied because: (1) Ms. Adams' appeal is within the scope of the appeal waiver; (2) she knowingly and voluntarily waived her appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice. In her response to the motion to enforce, Ms. Adams concedes, through counsel, "that her appeal waiver is enforceable under the standard set out in [*Hahn*]." Resp. at 1.

Based on this concession and our independent review of the record, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Ms. Adams' right to pursue post-conviction relief on the grounds permitted in her plea agreement.

Entered for the Court
Per Curiam